UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LOUIS RUDOLPH | Crim. No. 3:10-cr-85 (JBA)<br><br>September 28, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On October 25, 2010, Defendant Louis Rudolph pled guilty [Doc. # 32] to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced [Doc. # 40] on January 14, 2011 to 137 months' imprisonment. Mr. Rudolph now moves [Doc. # 45] for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1]

---

[1] These factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;

and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Both Mr. Rudolph and the Probation Office [Doc. # 43] believe Mr. Rudolph is eligible for a reduction in his sentence under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. The Government [Doc. # 46] disagrees.

Amendment 782, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. In sentencing Mr. Rudolph, the Court found that his total offense level was 25. With a criminal history category ("CHC") of VI, Mr. Rudolph's advisory sentencing range was 110 to 137 months. However, because the statutory mandatory minimum sentence was 120 months' imprisonment, Mr. Rudolph's advisory range became 120 to 137 months. The Court imposed a sentence at the top of that range of 137 months.

Applying Amendment 782's two-level reduction to Mr. Rudolph's total offense level of 25 yields an amended level of 23, which when combined with his CHC of VI, results in a sentencing range of 92 to 115 months.[2] Because the mandatory minimum is 120 months, Mr. Rudolph's amended guidelines "range" is 120 months. The Probation Office concludes that since the amended guidelines "range" is 120 months and Mr. Rudolph was sentenced to 137 months' imprisonment, the Court has the authority under Amendment 782 to reduce Mr. Rudolph's sentence to 120 months.

---

(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
(7) the need to provide restitution to any victims of the offense.

[2] Mr. Rudolph seeks a reduced sentence of 97 months. Because, as stated above, the mandatory minimum is 120 months, the Court does not have the authority to reduce Mr. Rudolph's sentence below 120 months. *See* U.S.S.G. § 5G1.1(c)(2) (sentence may not be "less than any statutorily required minimum sentence").

As argued by the Government, however, this Court is precluded from granting such a reduction by the Second Circuit's decision in *United States v. Johnson*, 732 F.3d 109 (2013). Mr. Johnson, like Mr. Rudolph, faced a mandatory minimum of 120 months, and as such, his original guidelines range of 108 to 135 months became 120 to 135 months. *Id*. at 114. His revised guidelines range of 70 to 87 months likewise became 120 months. *Id*. "So whether [the amendments to the sentencing guidelines] 'lowered' Johnson's applicable guideline range depend[ed] on whether his range of 120 to 135 months was 'lowered' when it became exactly 120 months." *Id*. The court concluded that it was not, and that Mr. Johnson was therefore ineligible for a reduction in his sentence. *Id*. at 115. Although this result may seem harsh, and while the Court commends Mr. Rudolph for using his time in prison productively, as evidenced by his Bureau of Prisons progress report [Doc. # 43-4], this Court is bound by the Second Circuit's decision in *Johnson*.

Because Amendment 782 does not reduce Mr. Rudolph's sentencing range, he is not eligible for a reduction in his sentence pursuant to Amendment 782, *see* U.S.S.G. § 1B1.10(b)(2) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."), and Mr. Rudolph's Motion [Doc. # 45] for Reduction of Sentence is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of September, 2015.